The opinion of the court was delivered by
McEnery, J.
The plaintiffs leased the building No. 100 Canal street in the city of New Orleans from the agents of the owner, a non-resident. The agents were Robinson & Underwood of the city of New Orleans.
*1175 The lease contained the stipulation that the property could not be subleased without the owner’s consent.
Plaintiffs sue the defendants for the price, upon an alleged verbal lease made on 10th of August, 1892, for the unexpired term of their lease for the price of five thousand two hundred and fifty dollars.
The defendant, M. H. Rothschild, had negotiated with the attorney of A. Meyer & Bro. for the unexpired term of the lease.
Security was demanded from Rothschild, who was either unable or unwilling to give it.
On the 10th of August an agreement was reached by which the defendant consented to take the unexpired term by paying in advance, with a discount of eight per cent. He declined to take the premises after the agreement, hence this suit. The defendant denies that there was any valid contract of lease.
It is evident that no valid lease could be made without the consent of the original lessor.
This was never given. Underwood, of the firm of Robinson & Underwood, emphatically states that he had declined to accept the defendants as lessees without security, and they were never tendered as lessees with the required security.
The attorney for A. Meyer & Bro. proposed the names of several responsible parties to Underwood and asked him if he would accept them as security. He assented, but says the security was never tendered.
In reference to the agreement made by the attorney with Rothschild about paying in advance, with eight per cent, interest discount, he says that he has no recollection of any such proposition having been made to him. He is a disinterested witness and was sworn in plaintiff’s behalf. He being a real estate agent, it is reasonable to suppose he would have positive knowledge of a fact^which it was essential for him to know, in order to give his assent to the subleasing of the premises. He says the manner in which it was brought to his knowl- . edge before the 10th of August agreement was when he was asked by plaintiff’s attorney if he would nob at any time accept the cash, if it could be discounted, but he never mentioned Rothschild’s name. The question seems to have been hypothetical. It is not shown that Underwood was made acquainted with the note of discount, or that any definite understanding was ever made with him to accept defendants as lessees on any particular condition.
*1176 As the consent of Robinson & Underwood, the owner’s agents, was essentia] to a sublease of the premises, it is certain that the agreement between the attorney and defendants was without effect, as this consent was wanting.
In a brief opinion the District Judge says that the verbal agreement between plaintiff and defendant is clearly proved, but the concurrence of the two wills was not sufficient to impart vitality to it without the consent of Underwood & Robinson, the agents of the original lessor. Their consent was essential to the perfection of the contract of lease, and that neither plaintiff nor defendant could supply the missing link.
It does not appear that Robinson & Underwood were even made acquainted with the 10th of August agreement. Underwood says positively it was never submitted to him for his ratification or re - jection, and that he has never consented to the subleasing of the premises to the defendants.
Judgment affirmed.
Miller, J., having filed brief before his appointment takes- no part in the decision.
Rehearing refused.