(46 South. 33.)

No. 16,853.

AUDUBON HOTEL CO., Limited, v. BRAUN-NIG et al.

(March 16, 1908.)

1. LANDLORD AND TENANT—LESSOR, LESSEE, AND SUBTENANT.

A lease from lessor to lessee does not pass to the subtenant. There is no contractual tie between the lessor and the subtenant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 244–257.]

2. SAME—DUTY OF LESSEE.

The recourse of the subtenant is against his immediate lessor. The duty of the latter is to protect his subtenant, and compel his lessor to perform his part of his obligation as a lessor, which is to inure to the subtenant under the terms of the lease.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 249–257.]

3. SAME — LESSOR NOT BOUND AS BETWEEN HIM AND THE SUBTENANT.

The subtenant is without the right of renewal of the lease with original lessor in case the exercise of this right is opposed by the lessee.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 277.]

4. SAME—REMEDY—INDEMNITY.

The right is to damages, and not to a renewal of the lease and reinstatement in the possession of the property.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 277.]

5. SAME—NO RIGHT TO TRANSFER, BUT RIGHT TO SUBLET.

There are limitations in the lease not expressly passed upon except to the extent of holding that it places the defendant at least one remove further from the impossibility of obtaining possession as subtenant.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred Durieve King, Judge.

Action by the Audubon Hotel Company against Jay Braunnig and Thomas Boettler. Judgment for plaintiff, and defendants appeal. Affirmed.

See 119 La. 1070, 44 South. 891.

Charles Isidore Denechaud, Miller, Dufour & Dufour, and E. A. O'Sullivan, for appellants. Merrick & Lewis, Philip Gensler, Jr., and Ralph Jacob Schwarz, for appellee.

BREAUX, C. J. This is an action by the plaintiff to oust the defendants, subtenants.

Plaintiff proceeded by rule on the defendants to show cause why a judgment should not be rendered in its favor against defendants to compel them to vacate the premises known as "Oak Hotel," No. 941 Canal street, in New Orleans.

The property was bought by plaintiff some time after it had been leased. The certificate forming part of the act of sale under which plaintiff holds as owner shows that the lease in question expired on September 30, 1907.

The vendor to plaintiff had leased the property for three years, and gave to lessee the right to sublease the premises, and also the privilege of extending the lease one or two years from its expiration.

The monthly rental was $575 for the first extended year and $675 for the second year.

Under the original lease the monthly rental was $475, payable monthly.

The lessee under this first lease bound himself to make no transfer of the lease in whole or in part.

The defendants as lessees bound themselves

for a term of five years to sell beer manufactured or supplied by the American Brewing Company, of which their lessor is president.

The contracts of lease were duly recorded.

After the property had been sold to plaintiff, the board of directors of the company found it to their interest to go into possession of the property. They were met by the opposition of the defendants, who were the subtenants.

The parties met and sought to compromise without success. Nothing came of the attempt. Thereafter defendants notified their landlord, Mr. E. G. Schlieder, in time of their wish to renew the lease for two years. To this Schlieder answered, refusing to renew and informed them that the board of directors of the plaintiff company had canceled the right to renew.

The plaintiff (the Audubon Company) also notified the defendants, in answer to their notice of wish to renew that it declined to renew; it was none of its concern; that it, the plaintiff company, was a third person, and had nothing to do with the lease or with the defendants or their wish to renew.

The defendants persisted in claiming their rights to renew.

There was no lease renewed.

About the time that the Audubon Hotel, through its board of directors, canceled the lease, it entered into an agreement with the lessor, Schlieder and furnished bond to indemnify him in case his renunciation of all rights to renew the lease (which right he, Schlieder, held from Mr. Henry Denis, his lessor) caused him any damage. In addition to this bond, the plaintiff company bound itself to Schlieder to sell on the premises before referred to only the beer of the American Brewing Company, for a term of 10 years.

The defendants were condemned by the judge of the district court to vacate the premises within 24 hours, or, in default of their thus vacating, a writ of possession was ordered to issue to place plaintiff in possession.

Defendants moved for a suspensive and devolutive appeal, which was granted.

The suspensive appeal was not timely taken. 119 La. 1070, 44 South. 891.

The devolutive appeal is now before us, and brings up the questions involved.

As relates to the subtenant:

The sublease is a new contract. The old lease does not pass from Denis or the Audubon Hotel (Denis tranferror of plaintiff to Schlieder) to the subtenants (the defendants). The lessor is not a party to the sublease, and the subtenant is not a party to the original lease. There is no contractual tie between the subtenant and the owner or lessor. The lease of the subtenant terminates with the lease of the one from whom he holds as tenant. The lessee of the owner stands between the subtenant and the lessor, the owner. It is to the former, his lessor, that the subtenant must address himself in asserting his rights. The subtenant cannot defeat the original lessor suing to be reinstated in the possession of the property after his lease had expired. It is true that the subtenant has all the lessee's rights to enjoy the property. This right does not go further. It does not include in addition the right of renewal given by the first lessor to his lessee. This is a separate, distinct right. A subtenant has no action against the owner or original lessor for a renewal of the lease by reason of the fact that there is no contract between him and the original lessor, and no legal tie which he can invoke.

The original lessee might avail himself of the right and renew under the terms of his lease with his lessor, and thereby avoid further litigation by exercising his right and complying with his obligation, but, if he does not choose to do this, the subtenant is without right to demand renewal by the lessor.

The latter can interpose the answer to him that there is no privity of contract between them, for he had stipulated the right of renewal with the lessee, and not with his subtenant.

By way of illustration we state as showing limitation of subtenant's right:

Leases are renewable by tacit reconduction. The lessor may thus renew the lease, but the subtenant cannot hold his lessor by reconduction.

In the same way a subtenant cannot insist that the owner or first lessor shall renew the lease with him, and release the lessee entirely.

In choosing a tenant owners exercise some degree of judgment. There are questions of ability to pay, matters regarding the taking care of the property. There are some tenants more careful than others. For these and other similar reasons tenants are sometimes selected and some restriction placed upon them as to sublease or tranfer of the lease.

A subtenant cannot impose himself and call upon the lessor and insist upon his renewing the lease, despite the opposition of his own lessor or the one from whom this subtenant holds.

A tenant can continue as tenant, but a subtenant cannot continue without his tenant.

The lessor has a right to the enforcement of the contract as written. The mode of renewal of the parties to the contract was binding. Cordeviolle v. Redon, 4 La. Ann. 40; Henderson v. Meyers, 45 La. Ann. 793, 13 South. 191; Meyer v. Rothschild, 46 La. Ann. 1174, 15 South. 383.

"When the landlord refuses to renew the lease, the lessee has the right to elect whether he will proceed at law for damages or in equity for specific performance."

The lessees only. Taylor, Landlord and Tenant, § 339.

We quote the foregoing only to add that the lessee has the right mentioned above. We have nowhere found that it lies in the subtenant, however.

The effect of the renewal would be to surrender the old lease. The subtenant has no right to surrender the old lease. That is something for the lessee to do.

A French text-writer on the subject, interpreting similar laws in France, has said:

"The prorogation is nothing else in effect than a new contract." Baudry Lacantinerie, vol. 1, p. 129, "Contract of Lease."

"The subtenant," again translating from the same text-writer, "becomes the tenant of the lessee, and not the tenant of the lessor." Id. volume 1, p. 594, § 1131, same title.

In this case, under the rule the subtenant must look to his own lessor.

Further, the same text-writer says:

"This difference is contested. There are certain authors who think that a subtenant might, like the transferror of a lease, act directly against the lessor. They do not give themselves the trouble to justify this proposition which rests on nothing at all."

There is an exception according to this text-writer.

The subtenant has none the less, a direct action against the lessor for his torts.

This action is derived from article 1382, etc., Civ. Code.

This article corresponds to a similar article of our Code. Id. p. 604.

That relates to damages, and has nothing to do at this time with the claim here.

The first contract of lease contains the clause that the lessee bound himself not to transfer the lease. The contention of plaintiff is that, under that clause of the contract, the lessee, Schlieder, was without authority to transfer the right of renewal, as this right involves the necessity of a new contract for a different amount as to rental, both as relates to amount and the condition to sell an article of beer which enters in both contracts as one of the conditions; that is, the ten-

ant was to sell the beer as manufactured by his lessor.

How far that restrictive clause applies to the right of renewal we are not especially concerned with at this time, for we think the ground previously stated above is sufficient. We are certain none the less that it removes still further the original lessor from the sub-tenant, and adds to the impossibility in law of the latter instituting a suit against the former to compel him to renew the lease.

The defendants are without remedy here, but a judgment has been obtained, and we have reason to infer some steps have been taken toward its execution, and that the lessor has at least been ordered to be placed in possession for the appeal is devolutive.

The owner cannot be restrained from taking possession.

The action is for damages, and the defendants are without right to be reinstated in the possession of the property of the lessor or his transferee, the plaintiff.

The following is a Latin maxim:

"In loco facti imprestabilis sub est damnum et inter esse." Damages in place of act not performed and which cannot be performed.

For reasons assigned, the judgment appealed from is affirmed.