(Court of Appeal, Parish of Orleans.)

## J. B. LAUGA vs. JOHN BARADAT.

O. S. Livaudais, Woodville & Woodville for plaintiff and appellee.

P. L. Fourchy for defendant and appellant.

### On Motion to Dismiss.

GODCHAUX, J.—The defendant tenant applied for and obtained an order for a suspensive appeal, the amount of bond being fixed in the order by the Judge of the lower court. The defendant, however, furnished, in the amount ordered, the ordinary form of suspensive appeal bond instead of the form required for suspensive appeals in cases of this character under **Revised Statutes, Section 2157.**

Plaintiff has moved to dismiss the appeal on this ground, as well as upon the ground that the appeal was tardily applied for and obtained, having been secured several days after rendition of the judgment appealed from.

An examination of the bond discloses that it is the ordinary form of suspensive appeal bond, and does not contain the conditions prescribed by said section, and

this is fatal to the appeal in so far as it purports to be suspensive.

**Mengalle & Co. vs. Abadie, 45 An. 676; Audubon Hotel Co., Ltd. vs. Braunig, 119 La. 1070.**

While it is conceded by appellee that in ordinary cases an appeal will be maintained as devolutive though dismissed as suspensive where the amount of the appeal bond, though insufficient, is fixed by the lower Court and is furnished accordingly, still appellee maintains that this rule does not apply in ejectment cases prosecuted under the Statute.

This position cannot be sustained for the statute requires no special form of devolutive appeal bond; and, if a suspensive appeal bond is sufficient in form, as conceded, for a devolutive appeal bond in ordinary cases, it must be held sufficient in this case to sustain the appeal as devolutive. In fact, **Revised Statutes, Sec. 2157,** deals exclusively with the form of bond required for a suspensive appeal, and neither takes away the right to a devolutive appeal, nor prescribes any rules with reference to the form of bond in such cases.

The Court conceives that this has now been well established by repeated adjudication.

**State ex rel. Lamouraine vs. Judge, 45 An. 1316; Mengalle & Co. vs. Abadie, 48 An. 669; Audubon Hotel Co., Ltd. vs. Braunig, 120 La. 1089.**

The second ground for dismissal—namely, that the appeal was taken too late need not be considered, for, in any event, the order of appeal was granted in sufficient time to sustain a devolutive appeal.

It is, therefore, ordered that the appeal, in so far as it is suspensive, be dismissed and that said appeal be now maintained solely as a devolutive appeal.

May 16, 191(

## On the Merits.

GODCHAUX, J.—It appears that this case was heard twice in the lower court, and that, upon the first hearing a judgment was rendered on December 20, 1909, dismissing plaintiff's suit. Subsequently, however—that is, on December 23, 1909—plaintiff filed a motion for a new trial and on January 3, 1910, the motion was granted and thereafter a second hearing was had, which resulted in a judgment ordering the defendant to vacate.

The first complaint to which defendant directs our attention is with reference to the action of the lower Court in reopening the case and granting a new trial more than twenty-four (24) hours after the original judgment was rendered, his claim being that in ejectment proceedings a judgment, though unsigned, becomes final in twenty-four (24) hours after rendition, by the effect of the provision of section 2157 of the Revised Statutes.

This contention is not well founded for the reason that the section relied on is simply a limitation upon the right of appeal of a defendant in ejectment suits and has no reference nor application to the terms, conditions, etc., which surround the rights of a plaintiff in such proceedings, the law apparently leaving unchanged in his respect the rules which apply to appeals in ordinary proceedings.

This brings us to a consideration of the merits of this controversy, from which it appears that the plaintiff seeks to eject defendant from a portion of a square of ground, the square being bounded by Gentilly Road, St. Bernard Avenue and Marigny Avenue. The defendant admits a lease, but contends that it did not cover what is known as Lot 39, which forms part of the property from which plaintiff seeks to eject him. As to this lot, which fronts on St. Bernard Avenue, defendant claims

that plaintiff is not invested with the title, and, consequently could not, and, in any event, did not grant him a lease thereof.

The defendant, if he is a tenant of plaintiff, cannot question the latter's title, and the sole question to be considered is whether or not plaintiff leased to defendant the lot in controversy from which he seeks to oust defendant. In determining this question it is useless to detail at length the mass of conflicting testimony upon which our conclusions are founded—suffice it to say that, in agreement with the conclusions of the lower Court, we are satisfied that it was always within the contemplation of both plaintiff and defendant that the lease covered Lot 39, and that it was not until these proceedings were filed that defendant first conceived the defense which he is now making.

As late as four months prior to the filing of the suit the defendant, in a written instrument, described the property which he leased from plaintiff in such terms as necessarily to include Lot 39 within the lease. In this instrument defendant sold to plaintiff certain improvements which the former had made during the lease upon a portion of the leased property other than Lot 39, and it was then contemplated by the parties that these improvements were to be moved from the point where they were located to Lot 39 itself. In fact, defendant assisted in the actual moving of the improvements to the latter location. This fact alone strengthens plaintiff's contention, for it is hardly conceivable that the plaintiff would have purchased these improvements and then moved them to property which he did not own or consider that he owned. Moreover the defendant continued to occupy these improvements after their removal to Lot 39 and repeatedly promised plaintiff to vacate the property which he occupied. These promises were broken as often as made, but their effect is to show to our satisfac-

tion that defendant, during such occupancy, regarded himself as plaintiff's tenant.

All of these facts transpired at a time not suspicious, and impress us much more favorably than the bare denial of defendant that he leased the property in question.

We are satisfied that the judgment of the lower Court ordering the defendant to vacate is correct, and, accordingly, it is affirmed.

Judgment affirmed.

May 30, 1910.

<hr>

5065.

(Court of Appeal, Parish of Orleans.)