O’NIELL, C. J.
 

 The plaintiff has appealed from a judgment rejecting her demand to have an oil and gas lease declared forfeited. The complaints are: First, that the lessee failed to drill enough wells to make the lease profitable to the lessor, commensurate' with its value; and, second, that in ■consequence of the lessee’s failure to drill enough wells the land was being drained of its gas by wells on other lands in the neighborhood. ’
 

 The lease covers 429 acres in the Ouachita-Morehouse gas field, and was granted to E. I. Newblock on the 13th of June, 1917. He assigned it to the Sterling Gas & Oil Company on the 16th of June, and the Sterling Company assigned it to the defendant, Humphreys Carbon Company, on the 23d of February, 1923. Whether the transfers were subleases or mere assignments is not questioned, and is of no importance in this case.
 

 The consideration for the original lease was $1,350 cash, with the obligation on the part of the lessee to begin drilling for oil or gas or other minerals within a year, with the privilege of extending the time one year or two years on paying $600 rental per year. It was stipulated, however, that, if oil or gas or other minerals should be discovered or developed, the lease would continue in force until such oil or gas or other mineral in paying quantities should be exhausted. The lessee was also obliged to pay one-eighth royalty for all oil, gas, petroleum, or other minerals produced from the land.
 

 The particular provision in the lease which the learned counsel for appellant contend was violated was that the lessee should not plug up any oil or gas well, or in any way delay or restrict the production or yield of oil or gas or other minerals during the term of the lease; and that, in the event of any such plugging of a well or delay or restricting of the production or yield of oil or gas or other minerals, the lease should become void, and the lessee liable for any damages resulting therefrom.
 

 The rentals were paid and the lease extended two years; and, before the expiration of the extension of the term, the Humphreys Carbon Company commenced a well, which was completed as a gas well on the 2d of August, 1920, with an open flow capacity of 2,000,000 cubic feet per day. The well is defective because of the prevalence of salt water under the rock or in the gas-bearing sand through which the well was drilled, for the salt water retards the flow of gas. But the defect in the well is one which could not have been avoided — and which' is apt to assert itself in any gas well that may be drilled on the leased premises — because of the salt water in the gas-bearing- sand.
 

 This suit was filed on the 25th of May, 1923. It has remained on the docket of this court over three years, without any motion or suggestion being made by either party to advance it to the summary docket. The case is one of that class of cases which ought to be tried summarily, and it could and should have been decided within a féw weeks after the filing of a motion to advance it to the summary docket, if either party had so expressed a desire for a prompt decision.
 

 The suit was met with an exception of
 
 *373
 
 no cause or right of action in the district court, because the plaintiff did not allege that she had made demand on the defendant to further develop the land and had allowed a reasonable time for compliance with the demand. The exception was heard and overruled before an answer to the suit was filed. The exception appears to have been well founded on the authority of the decision in Pipes v. Payne, 156 La.. 791, 101 So. 144, where, citing articles 1912 and 2047 of the Civil Code, the court said:
 

 “Lessor, before suing to have oil lease declared forfeited for failure to drill more wells reasonably necessary to secure oil for common advantage, should have made demand on lessee to further develop property, and should have given reasonable time within which to do so.
 

 “Petition to forfeit oil lease for failure to further develop land did not disclose a cause of action, where it did not allege that defendants were put in default by demand for further development, under Civ. Code, art. 1912, though it was alleged that plaintiff made demand under" Act 168 of 1920 to furnish an instrument authorizing cancellation of lease on public record, which demand presupposes forfeiture.”
 

 The decision which we have quoted is particularly applicable to this case, because the number of wells deemed necessary for a proper development of the land, after oil or gas or other mineral was produced, was not stipulated in the contract of lease. The result of a decision of the case on the evidence, however, will be the same as if it had been decided on the exception of no cause of action, for the decision will have little or no effect upon the rights or obligations of either party to the contract, in the event of another such suit, at this late date.
 

 It is sufficient to say, without reviewing the testimony, that the plaintiff failed to prove that, at the time of the trial, the defendant had neglected or failed in' the obligation to develop the land properly for the mutual benefit of the parties to the lease. On the • contrary, the testimony of the witnesses of experience and of technical knowledge of the conditions in the Ouachita-Morehouse gas field showed that, up to the time of the trial of this case, the conditions were such that the defendant would not have shown any. better judgment by drilling additional wells on the leased premises. Our understanding of the stipulation in the lease that the lessee should not plug up any oil or gas well, or in any way delay or restrict the production or yield, is that it had reference only to wells that might be actually drilled by the lessee. There was no attempt on the part of the plaintiff to sliow that the gas well which the defendant drilled was plugged, or that its production or yield was delayed or retarded in any way, except by the salt water in the gas-bearing sand through which the well was drilled, for which condition the defendant, of course, was not responsible. On the facts, therefore, the judgment of the district court was correct.
 

 The judgment is affirmed.