O’NIELL, C. J.
 

 This is a suit to adjudge an oil and gas lease forfeited, as to a part of the land leased. The land consists of two tracts, a quarter of a mile apart, one having an area of 40 acres and the other an area of 200 acres. The lease was granted by the plaintiff, who owns the land, to J. F. Lillard, one of the defendants in this suit, on the 11th of January, 1922, and is now held by the two defendants, Moody and Lillard, jointly. The tract containing 40 acres is under sublease to the Lacolo Oil Corporation, and oil is being produced by the corporation in paying quantities. No well has ever been drilled on the tract containing 200 acres; and it is as to that tract that the plaintiff is suing to have the lease declared forfeited. He contends that the tract of 40 acres held by the Lacolo Oil Corporation is held, not under a sublease, but under an assignment of the original lease as to that area, and therefore that the production of oil by the assignee does not prevent a forfeiture of the lease for nonproduetion on the 'tract containing 200 acres. The district court so held, and the defendants have appealed from the decision.
 

 Our opinion is that the contract under which the Lacolo Oil Corporation is
 
 *802
 
 operating on the tract containing 40 acres is a sublease, and not merely an assignment of the original lease on that area. What characterizes the contract as a sublease, as distinguished from an assignment of the original lease, is that the original lessee, Lillard, retained an overriding royalty and a right of reversion, when he made the sublease, and he and Moody now have the overriding royalty and right of reversion on the tract containing 40 acres. For that reason the production of oil by the Lacolo Oil Corporation on the tract containing 40 acres would prevent a forfeiture of the lease for nonproduction on the tract containing 200 acres, if the stipulations of the original lease were merely that production on any part of the land should prevent a forfeiture. Smith v. Sun Oil Co., 165 La. 907, 116 So. 379. But it was also stipulated in the original lease that, if oil, gas, or other minerals should be produced in paying quantities, then and thereafter the lessee should continue to drill wells “at reasonable intervals on said property, so as to produce therefrom all of such minerals that may be therein deposited.” And it was further stipulated that a failure of the lessee to perform any of the obligations thereby imposed upon him, within the time and in the manner therein provided, should cause a forfeiture of the lease. There are other provisions in the contract showing that the lease was not indivisible, and might be forfeited as to a part only of the land. The defendants admitted on the trial of the case that they had no intention of drilling on the tract containing 200 acres, and had no plan or prospect of subleasing it, or of procuring some one else to drill on it. Their neglect to drill a well on the tract containing 200 acres, for several years after oil was produced on the tract containing 40 acres, was a violation of the obligation to continue to drill wells, at reasonable intervals and with the intention of producing all of the oil in the land. In other words, the defendants, virtually, abandoned their lease on the 200 acres of land.
 

 The defendants made no complaint in their pleadings of the plaintiff’s failure to put them in default. On the contrary, they admitted on the trial of the case that they had then no intention of drilling on the tract containing 200 acres.
 

 The judgment is affirmed.