**(124 So. 131)**

**No. 29326.**

**SWOPE v. HOLMES et al.**

July 8, 1929.   Rehearing Denied Oct. 8, 1929.

J. W. Elder, of Ruston, for appellant.

Albert P. Garland, of Shreveport, for appellee.

BRUNOT, J.   After this case was argued and submitted, the plaintiff met with an accident which caused his death. This necessitated the making of parties to the suit, which has been done. The issues, however, are the same, and the opinion is handed down as it was originally written.

This is a suit to rescind a divisible oil and gas lease, in so far as it affects about 440 acres of the land covered by the lease, and the appeal is by the defendant J. L. Holmes from a judgment in favor of the plaintiff and against the defendants as prayed for in the petition.

The appellee leased as aforesaid to C. L. McCurry, agent, 2,500 acres of land situated in the parishes of Winn and Grant, in the state of Louisiana. The lessee assigned an undivided two-thirds interest in the lease to E. C. Paulette and J. L. Holmes. By mesne conveyances and a partition with his co-owners, J. L. Holmes acquired the sole ownership of the lease, in so far as it affects the following described lands: The southeast quarter of the southeast quarter of section 18, township 9 north, range 1 east, in Grant parish, Louisiana; the southeast quarter of the northwest quarter and the northeast quarter of the southwest quarter of section 36, township 10, and the northeast quarter of the northeast quarter, and southwest quarter of section 13, and the west half of the northeast quarter and the east half of the northwest quarter of section 12, of township 9, all in range 1 west; and the southwest quarter of the northwest quarter, the west half of the northwest quarter of the southeast quarter, and the east half of the northeast quarter of the southwest quarter of section 7, and the

southeast quarter of the northwest quarter of section 8, all in township 9 north, range 1 east, all of which above-described property is situated in the parishes of Grant and Winn, in the state of Louisiana.

The chief reason urged for the partial cancellation of the lease is the nonexploration and nondevelopment of any of the lands described supra, except the first described 40 acres. With respect to said 40 acres, plaintiff contends that the lease should be rescinded for the following reasons, viz.:

"First. Because production of oil in paying quantities had ceased and the property was abandoned in July, 1927.

"Second. Because the defendant Holmes failed to deliver or to account to petitioner for the one-eighth royalty on oil produced from the property.

"Third. Because the defendant Holmes, while oil was being produced from two wells drilled on the property owned by him in fee, within a short distance from plaintiff's property, failed to operate the well on plaintiff's property, abandoned that well, and refused to execute a release to plaintiff, thereby permitting the wells on his own property to drain oil from plaintiff's property, and depriving plaintiff of the opportunity to protect his property from such damage."

It is shown that appellant is the owner of the land adjoining the southeast quarter of the southeast quarter of section 18, township 9 north, range 1 east, in Grant parish, which belongs to the appellee, and which is covered by the lease from appellee to McCurry, agent.

It is shown that appellant has two producing oil wells on his own property within 75 feet of the line dividing his property from the southeast quarter of the southeast quarter of section 18, township 9 north, range 1 east.

It is shown that, after appellant acquired the sole ownership of the lease affecting that fractional quarter section of land, he subleased to R. L. Arnold and H. L. Anderson 10 acres of the said fractional quarter section; the said 10 acres being the northeast quarter of the southeast quarter of the southwest quarter thereof. The sublessees brought in a producing oil well on the land covered by their sublease, but, for some reason which is not satisfactorily explained, this well ceased to produce and the sublessees abandoned the property. Appellant sued for the cancellation of this sublease, upon the ground that his sublessees had dynamited the said well. It is for this reason that Arnold and Anderson were made defendants in this suit. They, however, permitted a judgment by default to be entered and confirmed against them, and they have not appealed therefrom.

The testimony is conflicting as to whether or not appellant fully accounted to appellee for the one-eighth royalty on all the oil produced by the Arnold-Anderson well. We have read the testimony carefully, and have reached the conclusion that a small quantity of this oil was sold, for use, to persons in close proximity to the well, and that the one-eighth royalty, on some of these sales, was not paid to the appellee. If this was the only ground for the rescission of the lease, we think it would be too small an item to command serious consideration.

The original lease from L. C. Swope to C. L. McCurry, agent, is dated March 17, 1925. The term of the lease is five years, or as long thereafter as oil or gas is produced from the leased land. The quantity of land leased is 2,500 acres. The consideration for the lease is $2,500 cash, and one-eighth part of all oil saved from the leased premises, and $200 per year, per well, for each well producing gas only, until the gas shall be utilized or sold off the leased premises, and, when so utilized or sold off of said premises, one-eighth of the

value of the gas at the then prevailing market price per 1,000 cubic feet for gas. It is provided that the lease shall terminate within one year after its date, if a well is not commenced on the land covered by it within that time, or, in the alternative, unless the lessees shall pay to the lessor, before the expiration of that time, $1 per acre as rent therefor, and the same stipulation is made in the lease with respect to each of the subsequent four years of the contract of lease.

What makes the contract of lease a divisible one is the following provision:

"It is hereby agreed in the event this lease shall be assigned as to part or as to parts of the above described lands, and the assignee or assignees of such part or parts shall fail or make default in the payment of the proportionate part of the rents due from him or them, such default shall not operate to defeat or affect this lease in so far as it covers a part or parts of said lands upon which said lessee or assignee thereof shall make due payment of said rental."

We think the evidence shows that the appellant, Holmes, who was the sole owner of the lease covering the southeast quarter of the southeast quarter of section 18, township 9 north, range 1 east, in Grant parish, not only permitted his sublessees to cease production and to abandon that property, but by drilling wells on property owned by him in fee, adjacent to and within 75 feet of said property, appellant drained the said property of the oil beneath its surface.

With respect to the other lands involved in this suit, the evidence shows that there was no development of them, and the theory that the bringing in of a producing well on other portions of the property covered by the lease kept the lease in force as to the whole property leased is not tenable, for the

annual rental due thereon was not paid by appellant.

We think the judgment of the court below is correct, and it is therefore affirmed, at appellant's cost.

O'NIELL, C. J., concurs in the result.