(126 So. 429)

No. 30070.

**MANGHAM et al. v. SOUTHERN CARBON CO. et al.**

Jan. 6, 1930.

Rehearing Denied Feb. 3, 1930.

Newton & Newton, of Monroe, for appellants.

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, for Southern Carbon Co. and others.

Frank W. Hawthorne, of Bastrop, for Mrs. Sarah B. Lock.

O'NIELL, C. J. In August, 1916, the plaintiffs, being the owners of land in Morehouse parish, leased the land to Louis Lock for the production of oil, gas, and other minerals. It was stipulated in the lease that the lessee or his successors or assigns should begin to drill a well on the land for oil within 60 days from the 20th of August, 1916, and prosecute the work to completion as rapidly as possible, and that, in the event the drilling of a well should not be begun within the 60 days, the lease should become null and void. On the 4th of October, 1916, Louis Lock assigned the lease to the Commercial Oil & Gas Company, Inc., and on the 16th of that month, which was well within the 60-day period, the company began drilling for oil, and, in 4 months, completed a well which produced gas in paying quantities, at a depth of 2,343 feet. On the 19th of April, 1917, the Commercial Oil & Gas Company, Inc., subleased to Oscar Nelson the right to the production of gas from the land; and, on the 8th of June, 1917, Nelson assigned his sublease to the Southern Carbon Company. The company paid to each of the plaintiffs $100 per year, being the royalty stipulated in the contract for the production of a gas well, for each and every year from the date of completion of the well until and including the year immediately preceding the filing of this suit; and the lessors accepted and retained the royalty checks for the whole period of ten years.

On the 7th of December, 1926, the plaintiffs' brought this suit to annul the lease on the ground that the gas well which was drilled on the land was not drilled for oil, as required by the contract of lease, but was drilled for gas, and that no well was ever drilled for oil, by Louis Lock, or the Commercial Oil & Gas Company, Inc., or Oscar Nelson, or the Southern Carbon Company. The suit was filed 10 years and more than 3 months after the lease was signed, and therefore more than 10 years after the 60-day period for commencing the drilling of a well had expired. The plaintiffs alleged that the Southern Carbon Company had received and retained $11,299.47 for the gas produced from the land and $30,131.80 for gasoline produced therefrom; hence the plaintiffs prayed for

judgment against the Southern Carbon Company for $41,431.37, with legal interest from the date of judgment. They prayed, in the alternative, that, if the mineral lease should not be annulled, all of the mineral rights claimed by the defendants, except the right to produce and take gas and gasoline from the land, should be adjudged forfeited and lost by the defendants, and reverted to the plaintiffs, by prescription for nonuse during a period exceeding ten years.

The defendants Commercial Oil & Gas Company, Inc., Oscar Nelson, Southern Carbon Company, and the succession representative of Louis Lock, deceased, filed exceptions of no cause or right of action and pleas of prescription of 5 and 10 years in bar of the suit, and the Southern Carbon Company filed also a plea of estoppel, based upon the plaintiffs' acceptance and retention of the gas royalties or rentals under the terms of the contract. The exception and pleas were overruled; and the defendants then filed answers. After hearing the evidence, the district judge rejected the plaintiffs' demand for annulment of the lease, and the demand for a judgment against the Southern Carbon Company for $41,431.37, but, at the same time, adjudged all of the mineral rights claimed by the defendants, except the right of the Southern Carbon Company to produce and take gas and gasoline from the land, lost by the prescription of 10 years, and reverted to the plaintiffs. They have appealed from the decree rejecting their demand for annulment of the lease and for a judgment against the Southern Carbon Company for $41,431.37; and the Commercial Oil & Gas Company, Inc., has appealed from the decree adjudging the company's mineral rights lost by prescription. The Southern Carbon Company claims only the right to produce gas and gasoline from the land, and is therefore satisfied with the judgment; and Oscar Nelson

and the succession of the deceased, Louis Lock, have no interest whatever in the suit.

The case on its merits is so plainly in favor of the defendants, Southern Carbon Company and Commercial Oil & Gas Company, Inc., that it is not necessary to consider the exception of no cause of action or the pleas of prescription or plea of estoppel filed by the defendants, although it is not easy to understand how the plaintiffs could hope to maintain their action to annul the lease while retaining the royalties which they received annually by virtue of the lease. However, on the merits of the case, we find that the contract stipulated that, "should oil be found in paying quantities," the lessee should pay one-eighth royalty, and, "should gas be found in paying quantities," the lessee should pay to each lessor $100 per annum for each gas well, and, "should other minerals than oil or gas be found in paying quantities," and should the lessee elect to develop the production of such other minerals, he should pay one-tenth royalty. And the lease contained the further stipulation that it should remain in force and effect for one year from its date, and as long thereafter as oil, coal, gas, or other minerals, *or either of them*, should be produced from the land by the lessee, his heirs, administrators, successors, or assigns. It is plain, therefore, that the lease was kept in force as to the right to explore for and produce any and all minerals, by the production of "either of them"—and therefore by the production of gas in paying quantities. It is true that the gas was produced by a sublessee, but the effect in favor of the original lessee was the same as if the gas had been produced by him. Smith v. Sun Oil Co., 165 La. 907, 116 So. 379; Johnson v. Moody, 168 La. 799, 123 So. 330. In fact, it was stipulated in the sublease made by the Commercial Oil & Gas Company, Inc., to Oscar Nelson, and assigned by him to

the Southern Carbon Company, that, if oil should be found in paying quantities in any well drilled by the sublessee, the well should be turned over to the Commercial Oil & Gas Company at a price equal to the amount which the well cost the holder of the sublease. There is nothing in either the original contract of lease or in the sublease to warrant the decree that the mineral rights held by the Commercial Oil & Gas Company, as to minerals other than gas, were lost by prescription for nonuse for 10 years.

The judgment appealed from by the plaintiffs, rejecting their demand for annulment of the lease and their demand for a money judgment against the Southern Carbon Company, is affirmed, and the judgment appealed from by the Commercial Oil & Gas Company, Inc., sustaining the plaintiffs' plea of prescription of 10 years as to the company's mineral rights, is annulled, and the plaintiffs' demands are rejected, and their suit is dismissed at their cost.