MILLER, Judge ad hoc.
This is a suit by Alphonse L. Breaux,, and others filed against Magnolia Petroleum Company and Pan American Petroleum Corporation seeking to cancel an oil;, gas and mineral lease owned by the defendants on properties belonging to plaintiffs. The plaintiffs are the record owners-of all of the fee and mineral interests in-Lot 2 of the Doiron Subdivision (hereinafter referred to as Lot 2) consisting of 61 acres situated in Cameron Parish, Louisiana. This property adjoins and lies immediately west of a tract of land described as Lot 1 of the Doiron Subdivision (hereinafter referred to as Lot 1). Plaintiffs also seek attorneys’ fees in the amount of $3,000 in this suit.
For a cause of action plaintiffs allege that the Fourteenth Judicial District Court *281 determined in a prior proceeding involving the same plaintiffs and defendants that an ■oil well designated as Adam Doiron No. 2 and located on Lot 1 was draining Lot 2. Judgment in accordance therewith was signed on November 13, 1957, and decreed that:
“that certain well known as Adam Doiron No. 2 and situated on Lot One {I) of the Doiron Subdivision in Cameron Parish, Louisiana, is draining the property belonging to the plaintiffs, and accordingly, the said defendants ■are hereby ordered to commence operations to correct said condition and to •continue operations with due diligence -until the property of petitioners is adequately protected from drainage by the Adam Doiron No. 2 well, and within sixty (60) days of the date of this judgment.
“It is further Ordered, Adjudged, ■and Decreed that upon due proof being made that the defendants have not ■commenced operations to adequately protect the land of petitioners from ■drainage by the aforesaid Adam Doi-ron No. 2 well within sixty (60) days, the mineral lease between the plaintiffs and the defendants will be cancelled, subject to the reservations set out therein.”
'This judgment became final and was not appealed.
As a result of this judgment the defendants promptly and within the time limits set out by the Fourteenth Judicial District Court located a well known as “C. Breaux No. 5” on Lot 2. This well was drilled to the same reservoir which was being produced by the Adam Doiron No. 2 well. However, after all possible attempts were made to complete the well as an oil well it was concluded that this was impossible for the reason that oil was not there in paying quantities. The well was not abandoned but was shut in for the reason that it can later be produced as a gas well for it is located in the gas cap of the reservoir being produced by the Adam Doiron No. 2 well. The Louisiana Conservation Commission ordered the C. Breaux No. 5 well shut in until such time as oil production from that reservoir is no longer possible.
Plaintiff contends that since the judgment of November 13, 1957 concluded that their property was being drained by the Adam Doiron No. 2 well, and since the efforts by the defendants to offset the Adam Doiron No. 2 well have- resulted in a well which cannot produce oil and since the defendants have made no other attempt to offset the drainage of their land caused by the operation of the Adam Doiron No. 2 well, they have a prima facie case entitling them to cancellation of the entire lease.
The plaintiff makes these contentions notwithstanding the fact that the defendants have been producing three wells in thia same reservoir located on plaintiff’s Lot 2. At the time of the trial of this case the evidence disclosed that the Adam Doir-on No. 2 well which was producing on Lot 1 had lost its production and after reworking operations was now only producing 10 barrels per day. The nearest well on Lot 2 was producing, after recent reworking operations, a total of 50 barrels of oil per day from the same reservoir which was productive in the Adam Doiron No. 2 well.
The plaintiffs did not present any expert testimony to show that the defendants could have taken any other steps to protect Lot 2 from drainage by the Adam Doiron No. 2 well located on Lot 1. Neither did the plaintiffs attempt to prove that defendants failed to locate C. Breaux No. 5 in a position where a reasonably prudent operator would have located it. The offset well drilled by the defendants (C. Breaux No. 5) in compliance with the Fourteenth Judicial District Court’s judgment was drilled at a cost of more than a quarter of a million dollars in what plaintiffs admitted to be in complete good faith to prevent any fur *282 ther drainage by the'Adam Doiron No. 2 well. The only fault to he found by the plaintiffs is that it is not productive. There is no showing that a reasonably prudent operator would have been able to take any other steps to more properly or promptly comply with the November 13, 1957 judgment.
We are in complete agreement with the lower court’s conclusion “that defendants have complied with the judgment of this court dated November 13, 1957, in Suit #2910.”
Plaintiffs argue that had C. Breaux No. 5 been drilled in 1955 at the time when the Doiron No. 2 well started producing from the reservoir which the court previously concluded was being drained, the well would then have been able to produce oil and prevent the drainage which was found to exist in the November 13, 1957 judgment. Plaintiff argues that since the defendants waited too late to drill, the entire lease should be cancelled. In this argument plaintiff overlooks the written reasons assigned for the November 13, 1957 judgment, which were in part that:
“The Court is of the further opinion that the defendants were not arbitrary in this matter, but based their decision on the opinions of their geologists who were also in good faith. In view of the honest difference of opinion by the experts and the great amount of money spent by the lessees on this land, the Court will not cancel the lease at this time, but gives defendants sixty (60) days from the final judgment in this cause to commence operations to remedy the situation herein and to proceed with due diligence until the drainage of the tract is corrected. If steps are not commenced within sixty (60) days from final judgment to correct the drainage situation, upon proper showing, the Court will order the lease cancelled, subject to the reservations set out in Paragraph One, Section Eight, of the original lease.”
In the opinion of this Court, the plaintiffs’- position in this case is untenable,. On the basis of convincing expert testimony the Fourteenth Judicial District Court concluded in November of 1957 that the plaintiffs’ land was being drained; that defendants’ position in the case was not arbitrary and therefore defendants were allowed 60 days to take steps to prevent further drainage. The defendants’ efforts to prevent further drainage were reasonable and proper. There is nothing to suggest that any other efforts could have or should have been undertaken to comply with the November 13, 1957 order. Defendants have fully complied with the November 13, 1957 order and are therefore entitled to retain the original lease in its entirety. The cases-cited by the plaintiffs are inapposite for the reason that in the instant case this Court is abundantly satisfied that defendants have made every effort to comply with the Court’s order to prevent further drainage. The cases cited by plaintiffs were:. Wadkins v. Wilson Oil Corp., 199 La. 656, 6 So.2d 720; Brewster v. Lanyon Zinc Co., 8 Cir., 140 F. 801; Wier v. Grubb, 228 La. 254, 82 So.2d 1; Prince v. Standard Oil Co., 147 La. 283, 84 So. 657; Hunter v. Booker et al., 158 La. 690, 104 So. 618; Swope v. Holmes et al., 169 La. 17, 124 So. 131; Stubbs v. Imperial Oil & Gas Products Co., 164 La. 689, 114 So. 595; Carter v.Arkansas Louisiana Gas Co., 213 La. 1028, 36 So.2d 26; Taylor v. Kimbell, 219 La. 731, 54 So.2d 1; Nunley v. Shell Oil Company, La.App., 76 So.2d 111; Reagan v, Murphy, 235 La. 529, 105 So.2d 210; Coyle v. North American Oil Consolidated, 201 La. 99, 9 So.2d 473; McCoy v. Arkansas Natural Gas Co., 184 La. 101, 165 So. 632; Hiller v. Humphreys Carbon Co., 165 La. 370, 115 So. 623.
For these reasons the lower court’s judgment is affirmed.
Affirmed.