STOKER, Judge.
This is a suit for declaratory judgment for the purpose of determining whether defendant James A. Anning has the legal right to exercise renewal options in two lease agreements.[1] The plaintiffs are The Estate of Mary Sue Whitley and M. G. Realty Company, Inc., the owners of the property in question. The trial court rendered judgment in favor of James A. An-ning holding that he has the right to exercise the renewal options as assignee of the leases. The plaintiffs have appealed.
The legal issues in this declaratory action may be stated in relatively simple terms. The facts, the events and history relating to the manner in which the parties arrived in the legal position with regard to one another are quite intricate and labyrinthine. The detailed facts are not important to a resolution of the case. Therefore we will discuss only the general fact situation which ultimately resulted.
The general facts are that plaintiffs were owners of five separate tracts which they leased. As to the tract which is the subject of these leases they were owners in indivi-sión. By subsequent transactions assignments were made from one party to another. At one point the original leases were amended to extend the terms. In the process of making successive assignments certain tracts of the original five tracts were broken off into separate chains so that at the time of this suit defendant-appellee, John A. Anning, was concerned with only one tract of the five tracts described in the original leases.
The principal argument of plaintiffs-appellants is that Anning is not in fact an assignee but is only a sublessee of the tract in question. As a sublessee, appellants contend that Anning cannot renew the leases. They rely on Ducote v. Callico, 307 So.2d 644 (La.App. 4th Cir. 1974) for the proposition that the right to renew a lease under a renewal option is held by the lessee and not a sublessee.
The parties appear to regard the issue in the case as being whether defendant-appellee was an assignee or sublessee. There does not appear to be any disagreement that the distinction between an assignment and a sublease is that in an assignment the original lessee transfers all of his rights in the lease, whereas in a sublease he retains some control or interest in the lease. Scurlock Oil Company v. Getty Oil Company, 278 So.2d 851 (La.App. 3rd Cir. 1973), writ issued, 282 So.2d 521 (La.1973), modified, 294 So.2d 810 (La.1974), on remand, 324 So.2d 870 (La.App. 3rd Cir. 1975); Prestridge v. Humble Oil & Refining Co., 131 So.2d 810 (La.App. 3rd Cir. 1961); Broussard v. Hassie Hunt Trust, 231 La. 474, 91 So.2d 762 (1956); J. F. Auderer Laboratories v. Deas, 223 La. 923, 67 So.2d 179 (1953); Bond v. Midstates Oil Corp., 219 La. 415, 53 So.2d 149 (1951); Roberson v. Pioneer Gas Co., 173 La. 313, 137 So. 46 (1931); and Smith v. Sun Oil Co., 165 La. 907, 116 So. 379 (1928).
There is no contention that the instruments of assignment did not manifest in *801 tention to assign rather than to sublease. Plaintiffs-appellants approach this matter by arguing that defendant-appellee did not assume all the obligations of the original leases as to all the tracts leased. They argue that since Anning assumed the obligations of lease as to one tract only, he should be regarded as a sublessee and not as an assignee as to the one tract.
We think there is a fallacy in the argument of appellants. A lease is divisible when the original lease grants the privilege to the lessee of assigning or subletting all or part of the leased property. Scurlock Oil Company v. Getty Oil Company, supra, and Roberson v. Pioneer Gas Co., supra. The lease in question granted the privilege of assigning the leases of all or of any part of the properties originally leased. Hence, defendant-appellee is not a mere sublessee on the basis argued for by the appellants. Therefore, defendant-appellee had the right as assignee' to exercise the renewal options.
Plaintiffs-appellants urge that ambiguity will result if an assignment is held to exist because none of the subsequent contracts allocated the original rental payments among the tracts. They argue that since such is the case, defendant-appellee would have to be obligated for the entire rental in order to be an assignee rather than a sub-lessee. (It appears that in prior years some proportionate rental has been paid as rent for the single property in question without any difficulty or question being raised.) The trial judge recognized that a problem may exist in determining that specific amount of rental to be allocated to each of the properties. Nevertheless, the trial judge was of the opinion that the existence of this problem did not render the assignment nugatory. The issue of what the rental allocation or allocations should be may present a legal problem if the parties cannot amicably adjust the issue, but it is not an issue in this case.
For the foregoing reasons we affirm the judgment of the trial court in favor of the defendant-appellee. Plaintiffs-appellants are cast for the costs of this appeal.
AFFIRMED.

. Only one parcel of leased property is involved. Two leases are involved because the owners In indivisión of the property in question initially leased their separate undivided interests by separate leases.