335 So.2d 529 (1976)
Jennie Lee OWEN, Plaintiff-Appellee,
v.
Joe Baker OWEN, Defendant-Appellant.
No. 12948.
Court of Appeal of Louisiana, Second Circuit.
July 7, 1976.
Maynard E. Cush, Shreveport, for defendant-appellant.
Love, Rigby, Dehan & Love by Truly W. McDaniel, Shreveport, for plaintiff-appellee.
Before PRICE, HALL and JONES, JJ.
JONES, Judge.
Plaintiff Jennie Lee Owen obtained a judgment against Joe Baker Owen for $1,000 for past due alimony. See Owen v. Owen, 306 So.2d 895 (La.App., 2d Cir. 1975). Plaintiff filed a petition for garnishment naming Mark F. Preddy & Associates, for *530 whom defendant Owen worked as a salesman, as garnishee.
In answer to the garnishment interrogatories, garnishee admitted defendant was employed by the company on a commission basis and was paid on the first and sixteenth of each month. Garnishee asserted that defendant owed garnishee $650 and specifically claimed its right of payment prior to plaintiff's garnishment in accordance with LSA-R.S. 13:3925.
On September 12, 1974, judgment was rendered against the garnishee. The judgment provided, in pertinent part, as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, JENNIE LEE OWEN, and against the garnishee, MARK F. PREDDY & ASSOCIATES, INC., for such sums as the defendant herein, JOE BAKER OWEN, earns over and above the legal exemptions provided by LSA-R.S. 13:3881, said deductions to be made from defendant's wage salary or commission on the dates upon which he is customarily paid, and continuing until the sum of ONE THOUSAND AND NO/100 ($1,000.00) DOLLARS has been paid, or until such time as defendant, JOE BAKER OWEN, shall leave the employ of the said garnishee; these payments to begin from the first pay day since the running of the garnishment against the garnishee, said payments to be made directly to the Office of Sheriff, Caddo Parish, Louisiana.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the above judgment be subject to the prior debt by defendant to garnishee in the amount of SIX HUNDRED FIFTY AND NO/100 ($650.00) DOLLARS, which shall be paid prior to the payment of the above garnishment judgment.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that after defendant's debt to garnishee is paid, said garnishee is then ordered to commence paying unto the plaintiff herein, JENNIE LEE OWNEN, the full amount of the garnishment payments as set forth hereinabove."
Notice of judgment was mailed to the garnishee on September 13, 1974, although garnishee denied receiving it.
Garnishee paid nothing to plaintiff pursuant to the judgment and in March, 1975, plaintiff filed a petition for accounting and judgment against the garnishee. Evidence adduced at trial showed that garnishee paid the defendant substantial sums each month after the seizure as commissions. Garnishee deducted from his pay twice monthly only 10% per pay period for payment on the balance owed garnishee by defendant. The evidence further shows that in February, 1975, garnishee made an additional loan of $400 to the defendant, who subsequently resigned in March, 1975.
Judgment on the petition for accounting was rendered in favor of plaintiff and against garnishee for $1,000. Garnishee appeals.
Appellant assign three alleged errors. Two of the assigned errors deal with issues raised for the first time on appellant's application for new trial based on evidence discovered after the trial. This evidence was purportedly directed at a contractual release of the debtor which allegedly had the effect of releasing the garnishee from his obligations under the seizure. The application was denied by the trial court without written reasons. There is no evidence in the record in support of appellant's allegations nor are the allegations of fact upon which the motion is based verified by affidavit in accordance with LSA-C.C.P. art. 1975. There being absolutely no evidence offered by the appellant to support these contentions, we find these allegations of error to be without merit.
Appellant's third assigned error alleges that the trial court erred in "refusing to decide that the judgment [of garnishment] itself was improper and not specific enough under the provisions of R.S. 13:3925 and 3926." A similar argument was made and rejected by this court in the recent case of Dunckelman Distributing *531 Company, Inc. v. S. Aubrey Hyde, 334 So.2d 236 (La.App., 2d Cir. 1976). As was pointed out in that case, the seizure became effective upon service of the petition, citation and interrogatories. LSA-C.C.P. art. 2411. In a wage garnishment, the seizure includes both accrued and future earnings and makes the garnishee the legal custodian of the wages to be held by him until further orders of the court. LSA-R.S. 13:3923; Sun Sales Company v. Hodges, 256 La. 687, 237 So.2d 684 (1970); Dunckelman, supra.
It is true that LSA-R.S. 13:3926 provides that if an employee works on a commission basis, as did the defendant-debtor in the instant case, the judgment shall order a full accounting made at each date when such settlements are made and upon the filing of such accounting the court shall fix the exempt portion and order the nonexempt portion paid in satisfaction of whatever judgment may be rendered. The judgment rendered in this case, based upon the garnishee's answers to the interrogatories, did not contain these detailed provisions. Also, as in the Dunckelman case, supra, however, the answers of the garnishee in the instant case did not contain the detailed information required of the employer by LSA-R.S. 13:3926 nor the detailed information concerning indebtedness required by LSA-R.S. 13:3925. Also, as in Dunckelman, supra, the garnishee in the case at bar did not ask for a rehearing or new trial, nor appeal, nor petition to reopen the case after rendition of the garnishment judgment on September 12, 1974. In any event, we hold that the current proceeding for an accounting which developed a full disclosure of the term of employment, the amount of the commissions, the method of payment of such commissions, and the dates on which settlement was made, effected substantial compliance with LSA-R.S. 13:3926.
The evidence reveals that if the garnishee had fulfilled its obligation to withhold the amounts owed by them to defendant-debtor above the legal exemptions of LSA-R.S. 13:3881, there would have been sufficient funds to discharge the debt owed the garnishee by defendant Owen, as well as the debt owed plaintiff. Because the garnishee failed to fulfill its responsibility as legal custodian of the wages of the defendant, plaintiff did not receive payment of her judgment. The trial court was correct in awarding plaintiff judgment for the $1,000 owed her by defendant Owen.
For the foregoing reasons, the judgment of the lower court is affirmed at appellant's cost.
Affirmed.