825 So.2d 1125 (2002)
TOWER CREDIT, INC.
v.
Tonya CARPENTER.
No. 2001-C-2875.
Supreme Court of Louisiana.
September 4, 2002.
Rehearing Denied October 4, 2002.
*1126 Ricky L. Babin, Melissa L. Boudreaux, Stephen P. Sheets, Gonzales, Counsel for Applicant.
Richard D. Bankston, Baton Rouge, Counsel for Respondent.
CALOGERO, Chief Justice.
We granted this writ to consider whether a garnishee who failed to answer garnishment interrogatories should be held responsible for the entire amount of the creditor's $10,309.68 judgment. We find that the garnishee, upon contradictory hearing, presented sufficient evidence that she was not indebted to the judgment debtor. Hence, we reverse the ruling of the court of appeal and reinstate the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY
Tonya Carpenter, the debtor in this matter, defaulted on an obligation owed to Tower Credit, Inc. (Tower). On July 21, 1999, a judgment was rendered in favor of Tower against Carpenter in the amount of $10,309.68, representing the debt owed plus accrued interest and attorney's fees. Thereafter, Tower filed a petition to make the judgment executory and for garnishment under a writ of fieri facias. Garnishment interrogatories were served on Kimberly L. Caviness d/b/a Cinnamin's Lounge (Cinnamin's). Caviness is the owner of Cinnamin's, a so called gentleman's lounge, where the debtor, Carpenter, worked as a waitress. The interrogatories were served on October 6, 1999, and the answer was due October 23, 1999. Caviness failed to answer the interrogatories within the time allowed and Tower filed a motion for judgment pro confesso thirty-three days after the answer was due, seeking to enforce the La.Code Civ. Proc. art. 2413 presumption that the garnishee is indebted to the judgment debtor to the extent of the judgment, interest, and costs. A hearing was held on the motion for judgment pro confesso.
At the hearing, Caviness testified that Carpenter had been hired to do work as a waitress but was not an employee. Carpenter *1127 was self employed, claimed Caviness, and was responsible for paying her own state and federal taxes. Caviness presented the court with a signed agreement by Carpenter to this effect. Regarding payments, Caviness explained that she paid Carpenter $20.00 per night and one-third of credit card tips from customers to whom Carpenter sold the lounge's drinks. Caviness further testified that any funds due Carpenter were remitted to her after each shift and that no payments were withheld. Caviness presented her business records, which showed that during the month of October, 1999, Carpenter worked two days, the fifth and the nineteenth.
Tonya Carpenter also testified at the hearing. She admitted that Caviness never held any of her money. Furthermore, Carpenter testified that she could not dispute Caviness's business records which showed that the only days Carpenter worked at Cinnamin's during October 1999 were on the fifth and nineteenth of that month.
Subsequent to the hearing, the trial court rendered judgment in favor of Caviness. The court found that Carpenter was an independent contractor working for Cinnamin's Lounge and neither the Lounge nor its owner ever held any property belonging to Carpenter.
The court of appeal, however, reversed, finding that Caviness was indebted to Carpenter, that Caviness failed to prove the exact amount of that indebtedness, and therefore Caviness was responsible for the entire debt. The court of appeal held in part as follows:
First, we note that Cinnamin's did not definitively prove the amount of property possessed or indebtedness owed to Ms. Carpenter. Second, and more importantly, the application of the aforementioned portion of La. C.C.P. art. 2413(B) is expressly limited by Article 2415, which provides that its provisions do not apply to the garnishment of wages, salaries, or commissions. Since the garnishment at issue in this appeal is of wages, salaries or commissions, then by the express wording of Article 2415, read in conjunction with Article 2413, the option of a judgment limited to the amount of the property or indebtedness is not available to Cinnamin's under the facts of this case. When a wage garnishee fails to answer the interrogatories prior to the filing of the contradictory motion, then its defense is to prove that it holds no property or is not indebted to the judgment debtor. Otherwise, the garnishee is confined to seeking to have the judgment set aside and the case reopened pursuant to La. R.S. 13:3923. See Commercial Securities Company, Inc. v. Corsaro, 417 So.2d 1346 (La.App. 3rd Cir.1982); Beneficial Finance Company of Louisiana v. Haviland, 411 So.2d 1102 (La.App. 4th Cir. 1982). In any event, the evidence and the law clearly indicate that Tower was entitled to judgment pro confesso in its favor.
We granted this writ to address whether, under these circumstances, the garnishee may be held liable to Tower Credit for the entire $10,209.68 debt of Tonya Carpenter. Tower Credit, Inc. v. Carpenter, 01-2875 (La.2/22/02), 810 So.2d 1139.

LAW AND ANALYSIS
Under the law of this state, a garnishment proceeding is nothing more than a streamlined legal process for a creditor's seizing property of a judgment debtor in the hands of a third party. First Nat'l Bank of Commerce v. Boutall, 422 So.2d 1159, 1161 (La.1982). Garnishment proceedings generally are governed by La. Code Civ. Proc. Arts. 2411-2417. Article *1128 2411(B) states that upon service of the petition, citation, and interrogatories, seizure is thereby effected against any property of, or credit due, the judgment debtor. Regarding the judgment debtor who is an employee, from the moment of the seizure the garnishee becomes the legal custodian of future wages (as well as unpaid current wages) and is obliged to hold them as a custodian subject to the order of the court. Sun Sales Co. v. Hodges, 256 La. 687, 237 So.2d 684, 686 (1970); Owen v. Owen, 335 So.2d 529, 531 (La.App. 2 Cir. 1976). The test of a garnishee's liability to the judgment creditor is whether the garnishee has in his hands the principal debtor's property, funds, or credits for the recovery of which the debtor has a present subsisting cause of action. Pine Tree Assocs. v. Subway Restaurants, Inc., 93-603, p. 4 (La.App. 5 Cir. 9/14/94), 643 So.2d 1271, 1274.
The failure to file a sworn answer to garnishment interrogatories creates a prima facie case against the garnishee under La.Code Civ. Proc. art. 2413[1], which is rebuttable if the garnishee against whom this presumption is raised presents evidence of its actual debt or lack thereof to the defendant. The judgment pro confesso is not self-executing, and until a contradictory motion is filed against the garnishee for the amount of the judgment, the stage is not set for a default judgment against the garnishee. Louisiana Code of Civil Procedure article 2413 contemplates that a contradictory hearing be conducted on the motion and that the garnishee be given an opportunity to present evidence of the actual indebtedness, employment of the debtor, character of the employment, prior garnishments, and other facts relevant to the garnishment proceedings.
However, after a hearing on the rule to show cause, judgment shall be rendered against the garnishee unless the garnishee proves that he either had no property of, or was not indebted to, the judgment debtor. If the garnishee does not satisfy this burden, he may still limit his liability by proving the amount of property or indebtedness owed to the debtor. In that circumstance, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness. See La.Code Civ. Proc. Art. 2413(B) and 2415.
Under La.Code Civ. Proc. art. 2411(C), other than as provided in R.S. 13:3921 et. seq. applicable to garnishments of wages, garnishment interrogatories are not continuing and the garnishee need only to respond as to property of the judgment *1129 debtor that the garnishee has in his possession or under his control at the time the interrogatories are served on him.
In the instant case, garnishment interrogatories were served upon Caviness on October 6, 1999. Caviness made no attempt to answer the garnishment interrogatories. As a result, her failure to answer the interrogatories constituted prima facie proof that she had property of or was indebted to Carpenter to the extent of the judgment. See La.Code Civ. Proc. art 2413(A). It was then incumbent upon her to overcome this presumption by presenting evidence at the contradictory hearing of her actual debt or lack thereof to Carpenter.
At the contradictory hearing, the trial court determined that Carpenter was not an employee of Caviness, but an independent contractor. If Carpenter was, in fact, an independent contractor, as the trial court found, then Caviness needed only respond regarding property of Carpenter that was in Caviness's possession or in her control on October 6, 1999, at the time of service of the interrogatories. See La. Code of Civ. Proc. art. 2411(C).
We note that the distinction between employee and independent contractor status is a factual determination to be decided on a case-by-case basis. Fontenot v. J.K. Richard Trucking, 97-220, p. 7 (La.App. 3 Cir. 6/4/97), 696 So.2d 176, 180. In Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972), this court found the following factors relevant in determining whether the relationship of principal and independent contractor exists: (1) there is a valid contract between the parties; (2) the work being done is of an independent nature such that the contractor may employ nonexclusive means in accomplishing it; (3) the contract calls for specific piecework as a unit to be done according to the independent contractor's own methods, without being subject to the control and direction of the principal, except as to the result of the services to be rendered; (4) there is a specific price for the overall undertaking agreed upon; and (5) the duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach. Hickman, 262 So.2d at 390-91.
The trial court, in determining that Carpenter was an independent contractor, held as follows:
[T]he evidence was very clear that Ms. Caviness did not employ Ms. Carpenter as a waitress in her lounge, but rather hired her as an independent contractor. Ms. Caviness did not pay wages to Ms. Carpenter as an employee of Cinnamin's Lounge. The only compensation Ms. Carpenter received from Cinnamin's Lounge itself was a twenty dollar "show up" fee, which was paid out at the end of Ms. Carpenter's shift and only if she was to work a complete shift. Cinnamin's Lounge had no control over any of the other monies earned by Ms. Carpenter during her shifts. As independent contractors, the waitresses were required to purchase drinks from the bar first, with their own money, and then they could, in effect, resell them to the customers in the Lounge. Cash tips were not monitored by Cinnamin's Lounge and tips paid on credit cards were only held by the bar until the tab was paid, at which time the tips were cashed out to the waitress. Ms. Carpenter signed an agreement which stated that she was responsible for paying her own taxes and taking any other necessary deductions from her earnings.
We have reviewed the facts surrounding Carpenter's employment and note that *1130 whether she is an employee or independent contractor is a close question. However, upon hearing the evidence, the trial judge made a factual determination that Carpenter was an independent contractor.[2] While we may have ruled differently had we reviewed this case de novo, the trial court's determination that Carpenter was an independent contractor is a factual determination that we do not find manifestly erroneous or clearly wrong.
Because Carpenter was self-employed, there were no wages paid by Caviness and the garnishment interrogatories were not continuing. See La.Code Civ. Proc. art. 2411(C). Hence, Caviness had only to respond as to property of the judgment debtor that she had in her possession or under her control on October 6, 1999, at the time she was served with garnishment interrogatories.
During the contradictory hearing, Caviness established that she was not indebted to Carpenter on October 6, 1999. Caviness testified that all amounts due Carpenter were paid at the end of every shift and that no funds were ever withheld. Furthermore, according to Caviness's business records, Carpenter did not work on October 6, 1999. Carpenter, herself, did not dispute this and the creditor presented no contrary evidence.
Hence, we find Caviness established that on October 6, 1999, the date she was served with garnishment interrogatories, she had no funds in her possession or under her control belonging to Carpenter. The trial court was correct in denying Tower's Motion for Judgment Pro Confesso and awarding Tower only the costs and reasonable attorney fee associated with Tower's filing of the motion. See La.Code Civ. Proc. art. 2413(C)[3].

DECREE
The judgment of the court of appeal is reversed and that of the district court reinstated.
REVERSED. DISTRICT COURT JUDGMENT REINSTATED.
KIMBALL, J., dissents for reasons assigned by TRAYLOR, J.
VICTORY, J., concurs in the result.
KNOLL, J., dissents for reasons assigned by TRAYLOR, J.
TRAYLOR, J., dissents and assigns reasons.
TRAYLOR, J., dissenting.
Under the law of this state, a garnishment proceeding is nothing more than a streamlined legal process for obtaining the seizure of property of a judgment debtor in the hands of a third party. First National Bank of Commerce v. Boutall, 422 So.2d 1159, 1161 (La.1982). Garnishment proceedings generally are governed by La. Code Civ. Proc. arts. 2411-2417. Article 2411(B) states that upon service of the petition, citation, and interrogatories, seizure is thereby effected against any property of and indebtedness of the judgment debtor. From the moment of such seizure *1131 the garnishee becomes the legal custodian of future wages and is obliged to hold them as a custodian subject to order of the court. Owen v. Owen, 335 So.2d 529, 531 (La.App. 2 Cir.1976); Sun Sales Co. v. Hodges, 224 So.2d 157, 160 (La.App. 4 Cir.1969). The test of a garnishee's liability to the judgment creditor is whether the garnishee has in his hands the principal debtor's property, funds, or credits for the recovery of which the debtor has a present subsisting cause of action. Pine Tree Associates v. Subway Restaurants, Inc., 93-603 (La.App. 5 Cir. 9/14/94), 643 So.2d 1271, 1274.
The failure to file a sworn answer to garnishment interrogatories creates a prima facie case against the garnishee under La.Code Civ. Proc. art. 2413,[1] which is rebuttable if the garnishee against whom this presumption is raised presents evidence of its actual debt or lack thereof to the defendant. The judgment pro confesso is not self-executory, and until a contradictory motion is filed against the garnishee for the amount of the judgment, the stage is not set for a default judgment against the garnishee. La.Code Civ. Proc. art. 2413 clearly contemplates that a contradictory hearing be conducted on the motion and that the garnishee be given an opportunity to present evidence of the actual indebtedness, employment of the debtor, prior garnishments, and other facts relevant to the garnishment proceedings.
However, after a hearing on the rule to show cause, judgment shall be rendered against the garnishee unless the garnishee proves that he either had no property of or was not indebted to the judgment debtor. If the garnishee does not satisfy his burden, he may still limit his liability by showing that he was indebted to the debtor to a limited extent. To this point, the majority and I agree.
Where the majority errs is in concluding that because the trial court found that Carpenter was an independent contractor[2] and that the appellant did not owe her any "wages," the garnishment interrogatories were not continuing, citing to Article 2411(C) for the premise. Article 2411(C) states that "(o)ther than as provided in R.S. 13:3921 et seq. applicable to garnishments of wages, a garnishment shall not be continuing in nature and the garnishee need only respond as to property of the *1132 judgment debtor that the garnishee has in his possession or under his control at the time the garnishment interrogatories are served on him." R.S. 13:3921, in turn, states in pertinent part that "(i)n every case in which the wage or salary of a laborer, wage earner, artisan, mechanic, engineer, fireman, carpenter, bricklayer, secretary, bookkeeper, clerk, employee on a commission basis, or employee of any nature and kind whatever, whether skilled or unskilled, shall be garnished either under attachment or fieri facias or as otherwise provided by law, a judgment shall be rendered by the court of competent jurisdiction in which the garnishment proceedings may be pending fixing the portion of such wage, salary, commission, or other compensation as may be exempt, as provided by law, and providing for the payment to the seizing creditor of whatever sum for which judgment may be obtained, out of the portion of such compensation which is not exempt." This statute, on its face, clearly applies to independent contractors, wages, and commissions. Further, R.S. 13:3923 states in pertinent part that "(i)t shall not be necessary that more than one writ of garnishment or one set of interrogatories be served in such cases...," again, clearly indicating that garnishment interrogatories involving wages or commissions are ongoing.
Tonya Carpenter (Carpenter), the debtor in this matter, defaulted on an obligation owed to Tower Credit, Inc. (Tower). Following the rendering of judgment in favor of Tower against Carpenter in the amount of $10,309.68, representing the debt owed plus accrued interest and attorney's fees, Tower filed a petition to make the judgment executory and for the garnishment of Carpenter's wages to satisfy the debt. On October 6, 1999, garnishment interrogatories were served on Carpenter's employer at the time, Kimberly L. Caviness d/b/a Cinnamin's Lounge (Cinnamin's), however, Caviness failed to answer the interrogatories within the time allowed. Tower filed a motion for judgment pro confesso thirty-three days after the answer was due, seeking the La.Code Civ. Proc. art. 2413 presumption that the garnishee owed the entire amount of the judgment. A hearing was held on the motion for judgment pro confesso.
At the hearing, Caviness testified that Carpenter was hired as a waitress and worked at least two days between October 6 and October 26, 1999. She stated that Carpenter worked as a waitress only on Tuesday nights during the month of October 1999. Caviness testified that she had supervision of everyone and everything in the bar. She stated that she paid her waitresses a "show up" fee of $20 at the end of each shift and the remainder of their compensation was in the form of tips. Caviness explained that credit card tips are paid when a customer closes his tab. At this time, the waitress receives 1/3 of the tip left by the customer with the remaining 2/3 split equally between the bar and bartender. Caviness claims the bar holds no money on behalf of the waitresses and does not supervise their tips although the "show up" fee and credit card tips are directly disbursed from Caviness to her waitresses.
In an attempt to prove that her indebtedness to Carpenter was limited, Caviness provided only two credit card receipts from the night of October 19 which concluded in the morning hours of October 20. The first receipt, printed at 11:37 p.m. on October 19 totaled $47.25, including a tip of $6.00. The second receipt, printed at 1:00 a.m. on October 20 totaled $44.75, including a tip of $6.00.
Caviness acknowledged that on credit card payments waitresses did not receive tips at the time services were rendered to *1133 the customer but immediately after the tab was closed. She agreed that she could have taken the garnishment portion out of the credit card tips and "show up fees" before disbursement to the defendant. Caviness could provide no accurate information or records regarding the number of days Carpenter worked or the money earned by the defendant during the garnishment period. She estimated that in general her waitresses earn approximately $120 per night including the show up fee but never produced any documentation to substantiate this assertion which would prove that judgment should be limited. Further clouding the issue, counsel for the garnishee, Caviness d/b/a/ Cinnamin's, filed a memorandum with the court estimating the nightly earnings of waitresses to be $150.00. No information was provided regarding the exact amount of cash or credit card tips, or show up fees paid to the defendant after the garnishment was served.[3] Defendant Carpenter testified that she had no idea when she worked or how much money she earned during the garnishment period.
Here, Caviness made no attempt to answer the garnishment interrogatories. As a result, her failure to answer the interrogatories constituted prima facie proof that she had property of or was indebted to Carpenter to the extent of the judgment. It was then incumbent upon her to overcome this presumption by presenting evidence at the contradictory hearing of her actual debt or lack thereof to Carpenter. She was afforded this opportunity but failed in her showing.
The record shows that service of the petition, citation, and garnishment interrogatories was perfected on Caviness on October 6, 1999. Thereafter, any money owed or paid to Carpenter by Cinnamin's constituted property or indebtedness of the judgment debtor of which Caviness was custodian. The record clearly shows that Carpenter worked at Cinnamin's on at least two, but as many as five, occasions following service of the garnishment pleadings. The record further shows that Caviness admittedly held at least some money on Carpenter's behalf. This included both the "show up" fees and credit card tips that Caviness disbursed to Carpenter on the nights she worked which are indeterminable from the record. As such, Caviness did not show that she was not indebted to Carpenter during the garnishment period but proved contrarily that she was indebted to Carpenter to some extent. However, Caviness provided no conclusive evidence or documentation of the exact time period worked by Carpenter, exact number of days she worked, her exact wages or tips, or the extent of her indebtedness to Carpenter during the garnishment period. Caviness established the minimum amount of funds she admits to holding on behalf of Carpenter but the exact amount is anyone's guess. Conceivably, Carpenter could have been paid thousands of dollars in credit card tips during her term. Therefore, Caviness failed to show the exact amount as required by the garnishment articles.
There is no room in the garnishment law for guessing or conjecture regarding the amount of indebtedness held by a garnishee. Article 2413 states simply and without question that the garnishee must prove the *1134 extent of the indebtedness held or be held liable for the entire judgment amount. It is the duty of the garnishee to answer all proper questions and interrogatories and to make all proper disclosures concerning his indebtedness to the debtor or concerning property of the latter in his possession. There are many ways in which a garnishee may prove the extent of its indebtedness to the debtor. Where tips are involved, Caviness could have provided a record of all credit card bills paid during the months of October and November 1999 and designate which ones were paid to Carpenter as each appears to have been signed by the attending waitress. Caviness could have subpoenaed and provided the court with Carpenter's tax records for the 1999 year to establish the total amount of wages and tips earned by Carpenter during her employment at Cinnamin's. Such documentation could at the very least establish that Caviness was not indebted to Carpenter for the full amount of the judgment. Furthermore, even if Caviness' record keeping was not accurate prior to this time, upon receiving service of the garnishment interrogatories, she was on notice and under an obligation to keep an accounting of monies held on behalf of Carpenter so that she could prove her indebtedness to Carpenter.
Accordingly, under La.Code Civ. Proc. art. 2413, upon her failure to answer the garnishment interrogatories, Caviness was responsible for the entirety of the defendant's debt to Tower. However, Caviness could have rebutted this presumption had she shown the precise amount of money she held for the defendant during the garnishment period. The court of appeal correctly determined that any money owed or paid by Caviness to defendant after October 6, 1999, constituted property or indebtedness of the defendant which should have been retained from the defendant. The court of appeal was further correct in determining that Caviness was liable for the entire amount of the defendant's debt because she filed no answer nor did she prove limited indebtedness regardless of Caviness' arguments that her liability was limited under La.Code Civ. Proc. art. 2415.
NOTES
[1] Art. 2413, entitled "effect of garnishee's failure to answer," provides in pertinent part:

A. If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs. When the garnishee is a state agency or department within the executive branch of state government, the party designated for service of garnishment petitions in Article 2412(B) shall be notified of the intent to file such a motion by certified mail at least fifteen days prior to the filing of the motion. The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs.
B. Judgment shall be rendered against the garnishee on trial of the motion unless he proves that he had no property of and was not indebted to the judgment debtor. If on the trial of such motion, the garnishee proves the amount of such property or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, as provided in Article 2415.
[2] No doubt the trial court was influenced by the following facts: (1) Carpenter signed a contract specifying that she was, in fact, self-employed and responsible for paying her own taxes; (2) Carpenter was paid a flat $20.00 per night of work; and (3) Carpenter was allowed to keep all of her cash tips and not required to remit any portion thereof to Caviness.
[3] La.Code Civ. Proc. art. 2413(C) states that "regardless of the decision on the contradictory motion, the court shall render judgment against the garnishee for the costs and a reasonable attorney fee for the motion."
[1] Art. 2413, entitled "Effect of garnishee's failure to answer" provides in pertinent part:

A. If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs ... The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs.
B. Judgment shall be rendered against the garnishee on trial of the motion unless he proves that he had no property of and was not indebted to the judgment debtor. If on the trial of such motion, the garnishee proves the amount of such property or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, as provided in Article 2415. (emphasis added)
[2] I agree with the court of appeal's conclusion that Carpenter's classification as an employee or independent contractor is of no moment under the garnishment articles. La. Rev.Stat. 13:3921 states that the wage garnishment provisions are applicable "[i]n every case in which the wage or salary of a laborer, wage earner, ... employee on a commission basis, or employee of any nature and kind whatever, whether skilled or unskilled, shall be garnished ...." Thus, it is of no consequence whether Carpenter is classified as independent contractor or regular employee. See Kendrick v. Mason, 234 La. 271, 99 So.2d 108 (La.1958) (in which garnishment of a sum owed an independent contractor was upheld).
[3] In brief, Caviness submits that the most she could have been indebted to Carpenter during the garnishment period was for five nights of work, however there is no evidence in the record to support this argument. She states that the maximum number of days which Carpenter could have worked would have been October 12, 19, and 26, and November 2 and 9, 1999. Therefore, Caviness paid Carpenter a maximum of five $20.00 "show up" fees.