844 So.2d 376 (2003)
Calvin S. MULLEN, Jr.
v.
R.A.M. ENTERPRISES
No. 2002 CA 1157.
Court of Appeal of Louisiana, First Circuit.
March 28, 2003.
*377 Charles Branton, Slidell, Counsel for Plaintiff/Appellant Calvin S. Mullen, Jr.
Frank Brown, III, Baton Rouge, Counsel for Defendant/Appellee R.A.M. Enterprises.
Before: CARTER, C.J., WHIPPLE and CIACCIO, JJ.[1]
CIACCIO, Judge Pro Tem.
Plaintiff Calvin S. Mullen, Jr. appeals a judgment by the Office of Workers' Compensation (OWC) dismissing his suit against R.A.M. Enterprises, Inc. (RAM).

FACTS
Mr. Mullen was injured in an automobile accident while delivering packages for *378 RAM. He filed a Disputed Claim for Compensation and, after a hearing, OWC ruled that Mr. Mullen was an independent contractor pursuant to LSA-R.S. 23:1021(6) and that his work did not fall within the statute's manual labor exception. OWC dismissed Mr. Mullen's claim against RAM with prejudice.
Mr. Mullen now appeals, arguing that: 1) OWC erred in finding that he was an independent contractor; and 2) even if he was an independent contractor, OWC erred in concluding that he did not fall within the manual labor exception of LSA-R.S. 23:1021(6).

LAW AND ANALYSIS
Employment Status
The distinction between employee and independent contractor status is a factual determination to be examined on a case-by-case basis.[2] The workers' compensation judge may consider whether: 1) there is a valid contract between the parties; 2) the work is independent in nature so the contractor may accomplish it through non-exclusive means; 3) the contract calls for specific piecework so that the contractor may use his own methods without supervision by or direct control from the principal; 4) there is a specific price for the overall undertaking; and 5) the duration of work is for a specific time.[3]
A written agreement between Mr. Mullen and RAM described RAM as a "messenger and trucking delivery service" contracting with "a trucking service for corporations in the trucking delivery service business." This agreement specifically categorized Mr. Mullen's status as an independent contractor:

CONTRACTOR'S STATUS AS INDEPENDENT CONTRACTOR, NOTEMPLOYEE. The Contractor is retained by the Corporation only for the purpose and to the extent set forth in this agreement, and the Contractor's relationship to the Corporation shall, during the term of the Agreement be that of an independent contractor vested with full right and power to perform all acts and things which in its sole discretion and manner it deems necessary in the fulfillment of its obligations hereunder, and to provide services as a contractor, similar to those being provided hereunder for the Corporation, to such other persons, firms or corporations as it desires as long as such activity does not conflict with the rights of the Corporation hereunder.
Robert L. Constantine, Sr., RAM's owner, testified that RAM paid Mr. Mullen an additional $25 to pick up packages from the airport and drive them to St. Tammany Parish. Mr. Mullen called the airport each morning to determine what time his assigned packages would arrive. He then drove to the airport in his own unmarked vehicle, picked up packages designated for the St. Tammany area, and drove to a meeting point to disburse the packages among the St. Tammany area drivers.
Mr. Constantine noted that all deliverymen wore red shirts adorned with a picture of a ram. Those Mr. Constantine described as "company people" wore shirts emblazoned with "R.A.M. Enterprises, Inc." These two people, in addition to Mr. Constantine, worked in the RAM office. They received vacation time and benefits. Deliverymen were entitled to neither vacation time nor benefits and received a 1099 *379 tax form at year's end rather than an employee's W2 form.
Mr. Constantine further testified that deliverymen obtained signatures for each delivery and filled out a daily manifest form. RAM paid deliverymen for each individual stop. If the deliveryman did not return the daily manifest form, he was not paid for that day.
The contract further specified that Mr. Mullen maintained "full control over the services performed by [him] for the Corporation, and over the means used to perform said services." RAM deliverymen were free to schedule deliveries however they chose, as long as that day's packages were delivered by the end of the day. Mr. Mullen could deliver the packages himself or delegate the task to someone else. Mr. Mullen acknowledged that his wife sometimes delivered packages for him. And RAM deliverymen were allowed to work for other delivery companies at the same time.
Mr. Mullen testified that RAM provided him with a communication radio, but he used his own personal vehicle for deliveries. He carried his own auto insurance as mandated by the written agreement between the parties and was not reimbursed for gas.
The workers' compensation judge made a factual determination that Mr. Mullen was an independent contractor rather than an employee. While we may have ruled differently had we reviewed this case de novo, OWC's determination that Mr. Mullen was an independent contractor was a factual conclusion that we do not find manifestly erroneous or clearly wrong. This assignment of error has no merit.
Manual Labor Exception
LSA-R.S. 23:1021(6) allows an independent contractor protection under the provisions of the workers' compensation statute if "a substantial part of [his] work time ... is spent in manual labor ... in carrying out the terms of the contract." If the physical element of his work predominated over the mental element, then jurisprudence holds that he was a manual laborer.[4] The "substantial part" requirement has been liberally construed and is not a mathematical formulation.[5]
Whether an individual's job involves manual labor is to be considered from the particular facts and circumstances of each case.[6] Mr. Mullen argued that loading and unloading the packages constituted manual labor. But while we may consider that a driver loads and unloads his own truck, it is not the controlling factor in determining whether he is a manual laborer.[7]
Mr. Constantine testified that the bulk of Mr. Mullen's time was spent driving. The physical act of driving the truck is not, in itself, manual labor as defined by law.[8] Mr. Constantine also testified that most of the deliveries were small, letter-sized packages. OWC reasonably concluded that Mr. Mullen did not spend a substantial portion of his work time engaged in manual labor. This assignment of error is without merit.

*380 CONCLUSION
For these reasons, we affirm OWC's judgment dismissing Mr. Mullen's claim against RAM. Costs of this appeal are assessed to Calvin S. Mullen, Jr.
AFFIRMED.
NOTES
[1] The Honorable Philip C. Ciaccio, Judge (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Tower Credit, Inc. v. Carpenter, 2001-2875 (La.9/4/02), 825 So.2d 1125, 1129.
[3] Id.
[4] Riles v. Truitt Jones Construction, 94-1224 (La.1/17/95), 648 So.2d 1296, 1298.
[5] Id., at 1300.
[6] Guillory v. Overland Express Company, 2001-419 (La.App. 3 Cir. 10/3/01), 796 So.2d 887, 891.
[7] Id.
[8] Id.