LMcDONALD, J.
In this Workers’ Compensation matter, the plaintiff, Jeffrey Coleman (Coleman) was an independent contractor hired by the defendant, Landstar Ranger (Lands-tar) as an “owner operator” over-the-road truck driver. In May 2002, Coleman was injured while completing a delivery for Landstar. Coleman alleges that he is disabled because -of injuries he sustained in the accident and that he is entitled to workers’ compensation benefits. Independent contractors generally are not entitled to workers’ compensation benefits. However, Coleman maintained that because a substantial part of his work time is spent in “manual labor,” he is entitled to benefits under the manual labor exception found in La. R.S. 23:1021(6).
After a trial on the matter, the workers’ compensation judge found that Coleman was an independent contractor; that his work did not fall within the manual labor exception as set forth in La. R.S. 23:1021(6) and, thus dismissed Coleman’s workers’ compensation claim with prejudice at his cost. Coleman timely filed this devolutive appeal, alleging that the judge’s finding that Coleman was not entitled to benefits under La. R.S. 23:1021(6) was manifestly erroneous.
Whether an individual’s job involves manual labor is to be considered from the particular facts and circumstances of each case. Mullen v. R.A.M. Enterprises 2002-1157, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 376, 379. The finding of the workers’ compensation judge that Coleman did not spend a substantial part of his work time in manual labor is one of fact. Factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was |sa reasonable one. Seal v. Gaylord Container Corp. 97-0688 (La.12/2/97), 704 So.2d 1161, 1164 and cases cited therein.
Our review of the record reveals that there is a reasonable basis for the decision made by the workers’ compensation judge. The physical act of driving a truck is not, in. itself, manual labor as defined by law. Mullen, 2002-1157 at pp. 4-5. 844 So.2d at 379. In spite of the fact that Coleman considered truck driving hard labor, his testimony on how his work time is spent shows that he does not spend a substantial part of his work time in manual labor. The decision of the workers’ compensation judge is affirmed in accordance with URCA Rule 2-16.1. B and costs are assessed to appellant.
AFFIRMED.