Dear Secretary Smith:
You have requested an opinion from this office as to whether a sugar cane hauler, which you describe as an owner or operator of a tractor trailer who hauls sugar cane for a sugar cane producer during grinding season, is an independent contractor for the purposes of Louisiana's workers' compensation statutes, specifically R.S. 23:1021(7), which provides, in pertinent part, as follows:
 (7) "independent contractor" means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter. The operation of a truck tractor or truck tractor trailer, including fueling, driving, connecting and disconnecting electrical lines and air hoses, hooking and unhooking trailers, and vehicle inspections are not manual labor within the meaning of this Chapter. [Emphasis added]
Pursuant to this statute, independent contractors are expressly excluded from the provisions of the worker's compensation statutes. The Louisiana Supreme Court has found the distinction between employee and independent contractor status to be a factual determination that must be examined on a case-by-case basis. The factors that must be considered are whether:
 1) there is a valid contract between the parties
 2) the work is independent in nature so the contractor may accomplish it through non-exclusive means;
 3) the contract calls for specific piecework so that the contractor may use his own methods without supervision by or direct control from the principal;
 4) there is a specific price for the overall undertaking; and
 5) the duration of the work is for a specific time.[1]
Section (7) of R.S. 23:1201 also contains what is commonly called the "manual labor exception", which allows independent contractors to qualify for workers' compensation benefits when "a substantial part of [their] work time . . . is spent in manual labor."
As you are aware, Act 188 of the 2004 Regular Session amended R.S. 23:1201(7) by adding the last sentence, which contains language that specifically excludes "the operation of a truck tractor or truck tractor trailer, including fueling, driving, connecting and disconnecting electrical lines and air hoses, hooking and unhooking trailers, and vehicle inspections" from being considered manual labor.
Thus assuming a particular cane hauler is an independent contractor, his operation of a truck tractor or trailer, including fueling, driving, connecting/disconnecting lines and hoses, hooking/unhooking trailers, and vehicle inspections will not considered manual labor for purposes of the manual labor exception, and no exception will apply.
We trust this adequately addresses your question. If you have any further questions, please contact our office.
Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: _________________________
 DENISE B. FITZGERALD
 Assistant Attorney General
[1] Tower Credit, Inc. v. Carpenter, 825 So.2d 1125 (La. 2002), Mullin v. R.A.M. Enterprises, 844 So.2d 376 (La. 1st
Cir. 2003).