NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 07-54

MICHAEL NELSON

VERSUS

CORBERT DINGER, JR.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 106219-F
HONORABLE EDWARD LEONARD, JR., DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Billy Howard Ezell, Judges.

Cooks, J. concurs in the result.

AFFIRMED.

David W. Groner
Attorney at Law
P. O. Box 9207
New Iberia, La 70562-2907
(337) 364-3629
Counsel for Appellant:
Romero Power Sports

**Allen Anthony McElroy, Jr.**
**McElroy & Duffy**
**P. O. Box 208**
**Berwick, LA 70342-0208**
**(985) 384-2157**
**Counsel for Plaintiff/Appellee:**
**Michael Nelson**

**EZELL, JUDGE**.

Romero Power Sports (RPS) appeals the decision of the trial court casting it in judgment for $7,500 plus interest and attorney fees for the failure to timely answer wage garnishment interrogatories. For the following reasons, we affirm the decision of the trial court.

Michael Nelson won a judgment against Corbert Dinger in the amount of $7,500 in Morgan City City Court. Mr. Dinger works at RPS as a mechanic and in sales, as he did at the time of the judgment. Garnishment interrogatories were served on RPS on October 25, 2005. When no answer was filed within the allowed time, Mr. Nelson filed a motion for judgment pro confesso on November 16, 2005. The original hearing on the motion was set for November 28 of that year. RPS filed its answers to the garnishment interrogatories on December 15, well over one month after they were required by La.Code Civ. P. art. 2412(D). The untimely answer admitted that RPS was indebted to Mr. Dinger for wages.

The trial court ruled that RPS was liable for the entire amount of the original judgment against Mr. Dinger, plus interest and attorney fees. From this decision, RPS appeals, asserting as its lone assignment of error that the trial court failed to allow RPS to rebut Mr. Nelson's prima facie case. We disagree.

Under Louisiana law, a garnishment proceeding is nothing more than a streamlined legal process for a creditor's seizing property of a judgment debtor in the hands of a third party. *First Nat'l Bank of Commerce v. Boutall*, 422 So.2d 1159 (La.1982). Louisiana Revised Statutes 13:3921(A) states:

> In every case in which the wage or salary of a laborer, wage earner, artisan, mechanic, engineer, fireman, carpenter, bricklayer, secretary, bookkeeper, clerk, employee on a commission basis, or employee of any nature and kind whatever, whether skilled or unskilled, shall be garnished either under attachment or fieri facias or as otherwise provided by law, a judgment shall be rendered by the court of competent

1

jurisdiction in which the garnishment proceedings may be pending fixing the portion of such wage, salary, commission, or other compensation as may be exempt, as provided by law, and providing for the payment to the seizing creditor of whatever sum for which judgment may be obtained, out of the portion of such compensation which is not exempt.

Louisiana Code of Civil Procedure Article 2411(B) states that upon service of the petition, citation, and interrogatories, seizure is thereby effected against any property of, or credit due, the judgment debtor. From the moment of the seizure the garnishee becomes the legal custodian of future wages, as well as unpaid current wages, owed the judgment debtor who is an employee. *Sun Sales Co. v. Hodges*, 256 La. 687, 237 So.2d 684,(1970); *Owen v. Owen*, 335 So.2d 529, (La.App. 2 Cir.1976). The garnishee is obligated to hold any such wages as a custodian subject to the order of the court. *Id*. "The test of a garnishee's liability to the judgment creditor is whether the garnishee has in his hands the principal debtor's property, funds, or credits, for the recovery of which the debtor has a present subsisting cause of action." *Pine Tree Assocs. v. Subway Restaurants, Inc.*, 93-603, p. 5 (La.App. 5 Cir. 9/14/94), 643 So.2d 1271, 1274, *writ denied*, 94-2537 (La. 12/9/94), 647 So.2d 1120.

Louisiana Code of Civil Procedure Article 2413 states, in pertinent part:

> If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs. . . .The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs.

The failure to file a sworn answer to garnishment interrogatories thus creates a prima facie case against the garnishee under La.Code Civ. P. art. 2413, which is rebuttable if the garnishee against whom this presumption is raised presents evidence of its actual debt or lack thereof to the defendant. The judgment pro confesso is not self-executing, and until a contradictory motion is filed against the garnishee for the

2

amount of the judgment, the stage is not set for a default judgment against the garnishee.

After a hearing on the rule to show cause, judgment shall be rendered against the garnishee unless the garnishee proves that it either had no property of, or was not indebted to, the judgment debtor. If the garnishee fails to meet this burden, it may still limit its liability by proving the amount of property or indebtedness owed to the debtor under La.Code Civ. P. art. 2413(B). In that circumstance, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness. The exception to this scenario is a suit such as this one, which involves "garnishment of wages, salaries, or commissions" as set forth under La.Code Civ. P. art. 2415.

By the clear wording of Article 2413(B), upon its failure to timely answer the garnishment interrogatories, RPS was responsible for the entirety of Mr. Dinger's debt to Mr. Nelson. The only way RPS, who clearly failed to timely answer garnishment interrogatories propounded to it, could avoid a judgment pro confesso is if it could prove at the hearing on the contradictory motion that it had no property of and was not indebted to the judgment debtor. The only evidence presented at the hearing on the motion for judgment pro confesso was the admission by RPS that it did, in fact, possess property of and was indebted to the judgment debtor, Mr. Dinger. Therefore, RPS is unable to prevent judgment being rendered against it. The trial court simply applied the law as it is written and committed no error.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are assessed against Romero Power Sports.

**AFFIRMED.**

3

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3 Uniform Rules, Court of Appeals.

MICHAEL NELSON

VERSUS

CORBERT DINGER, JR.

**COOKS, J., concurs in the result.**

I agree with the majority's decision to affirm the judgment, finding the trial judge simply applied the law as written and committed no error. However, I take exception with the majority opinion's statement that "[t]he only way RPS, who clearly failed to timely answer garnishment interrogatories propounded to it, could avoid a judgment *pro confesso* is if it could prove at the hearing on the contradictory motion that it had no property of and was not indebted to the judgment debtor." Article 2413B's provision that if the garnishee proves the amount of indebtedness, the judgment shall be limited to the payment of that indebtedness, was not available to RPS, because this involved the garnishment of wages. Thus, there was no "way" for RPS to avoid the judgment after it failed to timely file its answer and the plaintiff filed the contradictory motion.